## SUPREME COURT.

### M'Mahon agt. Allen.

In an equitable action to set aside a conveyance on the ground of fraud, the court *may* order the issues, or any specific question involved therein, to be tried by a *jury*.  (*Code*, § 254.)   But this will not be done, even on application of one of the parties, where the circuit calendar is crowded with business.   Under such circumstances, a *reference* is proper.

*New York Special Term, January,* 1854.

E—— F——, *for motion.*
A—— B——, *opposed.*

Roosevelt, Justice.  This is, in effect, a chancery suit. The leading object of the complaint is to set aside a conveyance on the alleged ground of fraud.   The plaintiff, however, asks that the case may be tried by a jury, and that issues for that purpose may be framed pursuant to the 254th section of the Code; which provides that, although such cases are triable by the court, yet the court *may* order them, or any specific question involved in them, to be tried by a jury, or by referees.

Considering the great accumulation of business on the circuit calendar, and the great delays consequent thereon, I do not deem it a discreet exercise of the power confided by the Code to aggravate the existing evil.   I shall therefore direct that the whole issue be referred to Aaron Vanderpoel, as referee, with liberty, nevertheless, to the parties, by mutual consent, to insert any other name they may deem proper.